LAMBERT H. SERGEANT

v.

ABRAHAM C. METTLER et al.

A second mortgagee, in his foreclosure bill, asked that the first mortgagee, whose priority he admitted, be decreed to pay such second mortgage or be foreclosed.—*Held*, that, although such decree would not be granted, an encumbrancer subsequent to the second mortgage could not have the bill dismissed on that ground.

On motion to dismiss bill.

*Mr. W. F. Hayhurst* and *Mr. R. S. Kuhl*, for the motion.

*Mr. W. D. Holt, contra.*

BIRD, V. C.

This bill is filed to foreclose a second mortgage. The first mortgagee is made a party, and the priority of his mortgage is distinctly admitted. Arnett has a lien on the premises, which the complainant alleges is subsequent to his mortgage. The complainant prays that the defendants may be decreed to pay the amount due to him, and in default thereof that they be foreclosed of the equity of redemption, and that the mortgaged premises be sold and he paid the amount due to him, together with the general prayer for further and other relief &c.

The defendant Arnett now moves to dismiss the bill, because "there being prior encumbrance upon the premises, *    *    * the said complainant prays that the said premises be sold and he be paid the amount of his said mortgage, with interest and costs, which said relief, in the nature of the case, and under the circumstances, cannot be granted." In other words, the complainant in this special prayer asks for that which the court will not grant. He asks that a prior mortgagee, whose mortgage he admits, may be decreed to pay his mortgage or be foreclosed. The case of *Gihon v.*

*Belleville White Lead Co., 3 Hal. Ch. 531*, is relied on in support of the motion. In that case the complainant, who held a subsequent lien, stated the existence of the prior mortgages, but did not admit such priority. I think this fact makes a material difference. I am quite certain that no court would make a decree against a party to a suit, whatever the prayer might be, if the complainant distinctly stated that such party had a just claim, and that such claim was entitled to priority, as has been most clearly done in the case before me. It is also to be noticed that, in that case, the holder of the *prior* mortgage came in and demurred, while in this case the holder of the lien which is alleged to be *subsequent* makes the motion, and in his argument claims the same benefit as though he were the first mortgagee. This, I think, he is not entitled to do. But, as has been intimated, there is the prayer for general relief, which, in our practice, is broad enough to protect or save the rights of all the parties so far as they are stated in the bill. The motion must be denied, with costs.